# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TEXROY ELLIOTT,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-10-1473 |
| v. : | |
| : | (Judge Caputo) |
| **WARDEN MARTINEZ,** : | |
| : | |
| Respondent : | |

## MEMORANDUM

**Background**

Texroy Joseph Elliott, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood), filed this pro se habeas corpus Petition pursuant to 28 U.S.C. § 2241. Originally named as Respondents are USP-Allenwood Superintendent R. Martinez, the United States Department of Homeland Security and Attorney General Eric Holder.[1] Service of the Petition was previously ordered.[2]

Elliott describes himself as being a native and citizen of Jamaica who entered the

---

[1] The only proper Respondent in a § 2241 proceeding is Petitioner's custodian, in this case Warden Martinez of USP-Allenwood. Consequently, Warden Martinez will be deemed the sole Respondent.

[2] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

United States as a lawful permanent resident in 1988. See doc. 1 at 13. According to his Petition, Elliott was convicted of unlawful delivery of a controlled substance in the Dauphin County Court of Common Pleas on August 5, 1996. As a consequence, removal proceedings were initiated by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") on the grounds that Elliott had been convicted of an aggravated felony. On October 25, 2001, Petitioner was removed from the United States.

Petitioner was arrested and charged with illegal reentry into the United States on June 29, 2004. See id. at 20-21. Following a 2005 jury trial before Judge Conner of this Court, he was convicted of that charge and sentenced to a 100 month term of incarceration. See United States v. Elliot, 179 Fed. Appx. 859, 860 (3d Cir. 2006).[3] His conviction was affirmed by the Court of Appeals for the Third Circuit. See id. at 861.

Elliott's pending petition claims entitlement to federal habeas corpus relief on the basis that his due process rights were violated during the 1999 removal proceedings. Specifically, Petitioner asserts that he was denied a final removal hearing. See id. at 10. In addition to arguing that his removal was improper, Elliott also challenges the legality of his subsequent 2005 federal conviction for illegal reentry conviction on the grounds that it resulted from an illegal removal.

**Discussion**

**Second or Successive Petition**

Respondent correctly points out that Petitioner previously asserted challenges to the legality of his 2005 federal conviction and his 1999 removal in an unsuccessful § 2241

---

[3] The Court of Appeals lists Petitioner's last name as being spelled Elliot.

petition filed with Judge Conaboy of this Court, Elliott v. Holder, et al., Civil No. 3:CV-10-56 (M.D. Pa. May 12, 2010). See doc. 9 at 1. However, unlike the arguments raised in his prior action, Petitioner's pending case seeks relief on the basis of a purported denial of a final removal hearing.

28 U.S.C. § 2244(a) and Rule 9(b)[4] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive § 2241 habeas corpus petitions may be reviewed by federal district courts. See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the legality of detention including § 2241 petitions which challenge the execution of a federal sentence).

The Supreme Court in McCleskey vs. Zant, 499 U.S. 467, 483 (1991) expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

Elliott clearly filed a prior § 2241 action in this district court regarding the same

---

[4] The Habeas Corpus Rules are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 9(b) of the Habeas Corpus Rules provides:
> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

removal proceeding and federal criminal prosecution which is the subject of his pending action.  Although his pending matter includes arguments which were not included in his initial § 2441 action, Petitioner has not presented any substantive arguments as to why he failed to include those assertions in his prior federal habeas petition.

There is also no indication that Petitioner has been granted leave to file a second or successive habeas corpus petition by the United States Court of Appeals for the Third Circuit.  Consequently, under the standards announced in McCleskey and the requirements set forth in § 2244(a), Elliott's pending case is a second or successive petition which cannot be entertained by this Court.

**Removal Proceedings**

Respondent also asserts that Petitioner's challenge to the legality of his removal proceedings should be dismissed for lack of jurisdiction "because it is untimely."  Doc. 9 at 2.  As previously noted, Elliott's pending action seeks federal habeas corpus relief based upon a denial of due process which purportedly arose during the course of his 1999 removal proceedings.  The REAL ID Act of 2005 amended section 242(a) of the Immigration and Nationality Act (INA) to provide that the sole and exclusive means to review an order of removal shall be by petition for review in the appropriate court of appeals.  See 8 U.S.C. § 1252(a)(5).  This amendment became effective on May 11, 2005.

Petitions for review filed with the proper court of appeals within the first thirty (30) days after issuance of an order of removal are now the sole vehicle whereby aliens can challenge their removal.  Kolkevich v. Attorney General of the United States, 501 F.3d 323, 329 (3d Cir. 2007).  Elliott acknowledges that he was removed from this country during

October, 2001. See doc. 1 at 14. Kolkevich added that a petitioner whose final order of removal was entered prior to the effective date of the Real ID Act, had thirty (30) days following the enactment date in which to seek relief. As noted by Judge Conaboy's May 12, 2010 Memorandum and Order which addressed Elliott's previously filed § 2241 petition, even though Petitioner's action is "not explicitly styled" as challenging the legality of a removal order, it nonetheless seeks essentially the same relief, and as such, this District Court lacks jurisdiction to entertain Petitioner's claim of illegal removal under the Real ID Act since it is both untimely and can only be presented before the appropriate Court of Appeals. See Jimminez v. Holder, 338 Fed. Appx. 194, 196 (3d Cir. 2009).[5]

**Illegal Reentry Conviction**

The remaining portion of Elliott's action collaterally challenges his 2005 federal conviction for illegal reentry on the basis that it was premised upon his illegal removal from this country. Respondent notes that following Judge Conaboy's dismissal of his earlier § 2241 action, Elliott filed a request for leave to file a second or successive § 2255 action which was dismissed by the Third Circuit Court of Appeals on August 24, 2010. See doc. 9 at 2. Based upon that dismissal and the reasons previously discussed by Judge Conaboy, Respondent concludes that this Court lacks jurisdiction to address Petitioner's latest challenge to his 2005 federal conviction.

A federal prisoner challenging the validity of a federal conviction, and not the execution of his sentence, is generally limited to seeking relief by way of a motion pursuant

---

[5] Since his pending action was not initiated until 2010, it would also appear that Elliott's challenge to the legality of his 1999 final order of removal is untimely.

to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Petitioner has already unsuccessfully sought § 2255 relief regarding his 2005 federal conviction. See Elliott v. United States, Civil No. 1:07-CV-1458 (Conner, J.). There is no indication that he has been granted leave to file a second or successive § 2255 action.

As discussed in Judge Conaboy's May 12, 2010 Memorandum and Order, relief is only available under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 2009 WL 1020218, at *2 (3d Cir. Apr. 16, 2009).

Since Petitioner is collaterally challenging the validity of his 2005 federal conviction

and sentence, he must follow the requirements of § 2255. Consequently, as previously outlined by Judge Conaboy, the appropriate remedy for Elliott is to seek certification from the Court of Appeals to file another collateral challenge to his conviction and sentence. The fact that he is unlikely to secure such a certification does not render the § 2255 process "inadequate or ineffective." Likewise, the fact that Judge Conner may have previously denied his request for § 2255 relief does not make his pending claim cognizable in a § 2241 action.

Petitioner's pending claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has he shown that he was unable to present his claims, on direct appeal, or in his § 2255 proceedings. As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Clearly, Elliott's claims do not fall within the Dorsainvil exception. See Levan v. Sneizek, No. 08-4116, 2009 WL 997442, at *2 (3d Cir. April 15, 2009); Smith v. Snyder, 48 Fed. Appx. 109, 110-11 (6th Cir. 2002).

Since it has not been established by Petitioner that § 2255 is inadequate or ineffective to test the legality of his 2005 federal conviction, the portion of his § 2241

-7-

petition which challenges the legality of his 2005 federal conviction is likewise subject to dismissal for lack of jurisdiction.  If Petitioner wishes to challenge the legality of his 2005 federal conviction his only recourse at this juncture is to seek authorization from the Third Circuit Court of Appeals to file a second or successive § 2255 petition.

Pursuant to the above discussion, the petition for writ of habeas corpus will be dismissed  for lack of jurisdiction.


                                             **/s/ A. Richard Caputo**
                                             **A. RICHARD CAPUTO**
                                             **United States District Judge**

**DATED: October 20, 2010**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**TEXROY ELLIOTT,**

    **Petitioner**

    **v.**

**WARDEN MARTINEZ,**

    **Respondent**

CIVIL NO. 3:CV-10-1473

(Judge Caputo)

**ORDER**

AND NOW THIS 20th DAY OF OCTOBER, 2010, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Warden Martinez is deemed the sole Respondent in this matter.
2. The petition for writ of habeas corpus is dismissed for lack of jurisdiction.
3. The Clerk of Court is directed to close the case.
4. Based upon the Court's determination herein, there is no basis for the issuance of a certificate of appealability.

                                          **/s/ A. Richard Caputo**
                                          **A. RICHARD CAPUTO**
                                          **United States District Judge**